IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEDRICK LEMONT HICKEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. CIV-23-733-R |
| ) | |
| **GEO LAWTON CORRECTIONAL** ) | |
| **REHABILITATION FACILITY, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Before the Court is a Report and Recommendation [Doc. 22] issued by United States Magistrate Judge Suzanne Mitchell in this matter. Judge Mitchell recommends dismissal of several—but not all—of the claims Plaintiff lodged in his Amended Complaint [Doc. 17]. Plaintiff filed a timely Objection [Doc. 23], so the Court undertakes a *de novo* review of the Report and Recommendation. The Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's claims as detailed in the Recommendation.

Plaintiff brings claims under 42 U.S.C. § 1983 against thirteen Defendants relating to harm he claims he suffered while incarcerated at the Lawton Correctional Rehabilitation Facility. Among his allegations, Plaintiff claims he was attacked by fellow inmates and correctional officers, housed in unsuitable conditions, refused access to the courts, denied proper medical care, and unlawfully deprived of his personal property.[1] Plaintiff pleads seven causes of action, but the Court finds that Claim III (Discrimination) and Claim VII

---

[1] The Report and Recommendation describes Plaintiff's claims in greater detail. Doc. 22: Report at 4-11.

(Pain & Suffering) are subsumed by Claims I and VI respectively. Effectively, then, Plaintiff pleads:

- Claim I: Violations of First, Eighth, and Fourteenth Amendments
- Claim II: Negligence
- Claim IV: Denial of Access to the Courts
- Claim V: Taking of Property & Deliberate Indifference to Medical Needs
- Claim VI: Excessive Use of Force

Judge Mitchell thoroughly analyzed Plaintiff's claims and has recommended the dismissal of several Defendants either entirely or from various claims. Plaintiff's Objection was largely devoid of substantive responses to issues Judge Mitchell had identified; however, Plaintiff raised two proper objections which merit deeper discussion from this Court. *See* FED. R. CIV. P. 72(b)(3)

First, Plaintiff requests that his "claims of negligence" should be applied to Claims One, Two, Four, and Five. Doc. 23 at 2, ¶ 1. Though unclear, the Court construes Plaintiff as wanting to expand his claims of negligence against Defendants. However, Plaintiff is the master of his Complaint, so the Court cannot read negligence claims into parts of the Complaint where negligence was not alleged. Plaintiff's negligence claim survives as Claim II, the only count on which Plaintiff claimed negligence on part of Defendants in his Complaint. Doc. 17 at 14-18.

Second, Plaintiff apparently objects to Judge Mitchell's recommendation to dismiss Defendant GEO from most of his claims because he did not identify a policy or custom of GEO's that caused his harm. Plaintiff argues his statement that GEO customarily puts inmates in a "hard cell" should satisfy his pleading requirement. To plausibly establish GEO's liability, Plaintiff must both identify an official policy or custom of GEO and

2

demonstrate that the policy or custom violated his rights or was the "moving force" behind the violation of rights. *Hinkle v. Beckham Cnty. Bd. Of Cnty. Commissioners*, 962 F.3d 1204, 1239-40 (10th Cir. 2020). Judge Mitchell determined that Plaintiff had not established the causation element with regards to Claims I and II, and he had not identified a policy or custom with regards to deprivation of property in Claims V and the excessive force in Claim VI. Doc. 22 at 23-24. Like Judge Mitchell, though, the Court agrees that Plaintiff has met this burden with respect to the denial of access to courts in Claim IV and his claim for deliberate indifference to his medical needs in Claim V.

Plaintiff has not pled facts that make it appear plausible he can satisfy his "heavy burden" of establishing GEO's liability for all claims. *Id.* at 1241. Regarding Claims I and II, he does not demonstrate GEO's policy of putting inmates in "hard cells" is what actually caused him harm. Rather, it was the various other acts or omissions of Defendants that seem to have caused the harm, such as individual Defendants not allowing him to regularly shower or have recreation time. Doc. 17 at 11. Plaintiff does not describe these harm-causing actions as an official policy or custom. Regarding Claims V and VI, the Court finds Plaintiff did not identify a policy or custom of GEO that caused his deprivation of property or excessive force injuries. While Plaintiff quotes an operating procedure regarding inmate property transfers, he specifically states, "[t]his policy was not followed and as a result the plaintiff's personal property was lost/stolen[.]" Doc. 17 at 27-28. In Claim VI, he alleges an isolated assault by Defendant Bowers, and he does not attribute it to an official policy or custom. *Id.* at 29-32.

In total, the Court is unconvinced that Plaintiff's objections overcome the limitations Judge Mitchell's Report identified. The Court ADOPTS Judge Mitchell's Recommendation in its entirety. Plaintiff's remaining claims are as follows:

- Claim I: Unconstitutional Conditions of Confinement and Cruel and Unusual Punishment against individual Defendants West, Peroe, Vallaho, Green and Brandon
- Claim II: Negligence against individual Defendants West, Peroe, Vallaho, Green and Brandon
- Claim IV: Denial of Access to the Courts against Defendants GEO, Vallaho, and Pantoja
- Claim V: Deliberate Indifference to Medical Needs against Defendants GEO and Till
- Claim VI: Excessive Use of Force against Defendant Bowers

The Court makes no ruling on these outstanding claims. The matter remains referred to Judge Mitchell for further proceedings.

**IT IS SO ORDERED** this 24th day of June 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE