UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEDRICK LEMONT HICKEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-23-733-R |
| | ) |
| **GEO LAWTON CORRECTIONAL** | ) |
| **REHABILITATION FACILITY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Plaintiff Dedrick Lemont Hickey, a prisoner proceeding *pro se* and *in forma pauperis*, filed an Amended Complaint asserting constitutional violations through 42 U.S.C. § 1983 [Doc. No. 17]. The matter was referred to United States Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 19]. Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint, or for summary judgment in the alternative [Doc. No. 51], to which Plaintiff responded [Doc. No. 56]. Judge Mitchell issued a Report and Recommendation [Doc. No. 58] recommending entry of summary judgment against Plaintiff. Plaintiff filed a timely Objection [Doc. No. 60], so the Court must make a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The recommendation to grant Defendants' Motion is based on Plaintiff's failure to exhaust administrative remedies. Doc. No. 58 at pp. 12-17. Plaintiff objects on grounds that Defendants rendered his administrative remedies unavailable. Doc. No. 60 at p. 2.

1

Before a § 1983 action can be filed regarding prison conditions, a prisoner must first exhaust all available administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing 42 U.S.C. § 1997e(a)). This requirement is not subject to judicial discretion and substantial compliance is insufficient to meet this burden. *Id*. (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001), then citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). And "[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." *Id*. (citing *Booth*, 532 U.S. at 740). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Prison Litigation Reform Act] for failure to exhaust his administrative remedies." *Id*. (citing *Wright*, 260 F.3d at 358). But a "prisoner need not exhaust remedies if they are not 'available.'" *Estrada v. Smart*, 107 F.4th 1254, 1270 (10th Cir. 2024) (citing *Ross v. Blake*, 578 U.S. 632, 635-36 (2016)). As recently outlined by the Tenth Circuit, the "'unavailability' of administrative remedies can take three forms:

1. **Dead end**: if the administrative process 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates';

2. **Opaqueness**: if it is so 'opaque that it becomes, practically speaking, incapable of use'; and

3. **Threats or Intimidation**: if prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'"

*Id*. (quoting *Ross*, 578 U.S. at 643-44).

To properly exhaust, a prisoner must comply with the administrative procedures enlisted by the facility. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have adopted the grievance procedure established by the Oklahoma Department of Corrections. Doc. No. 51 at p. 4. The ODOC schedule provides a four-step process for exhausting administrative remedies:

- Informal complaint taken up with an appropriate staff member;
- Submission of a Request to Staff;
- Filing of a formal grievance with the reviewing authority; and
- Appeal to the Administrative Reviewing Authority.

Doc. No. 58 at p. 7; *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) and *Greer v. Dowling*, 947 F.3d 1297, 1302 (10th Cir. 2020)). "The ruling of the ARA is final and concludes the internal administrative remedy available to the inmate." *Little*, 607 F.3d at 1249 (citations, quotation marks, brackets, and ellipses omitted).

While Plaintiff lists several objections, they all center on two primary grounds. First, Plaintiff contends that he was deprived of his administrative remedies while he was in a "hard cell" because Defendants failed to provide him access to the ODOC Policies and Procedures or other legal materials. Doc. No. 60, ¶¶ 3-6, 12. Second, Plaintiff argues that the notice of the Grievance Receipts that the grievance process was no longer available to Plaintiff dissuaded him from continuing to pursue his administrative remedies. *Id*. ¶¶ 2-3, 5, 7-11.

Beginning with the alleged deprivation of legal materials and the ODOC Policies and Procedures while in a "hard cell," it is Plaintiff's view that because he did not have

3

access to the ODOC Policies and Procedures when he was attempting to navigate the grievance process, he was deprived of his administrative remedies. *Id*. ¶ 3. Specifically, he contends that he did not know that he could file a grievance out of time because of the alleged deprivation. *Id*. ¶ 6. But Plaintiff does not contend that his lack of access to the ODOC Policies and Procedures continued after his release from the "hard cell." And the ODOC Policies and Procedures provide a specific procedure for a prisoner to file a grievance or appeal out of time [Doc. No. 49-1, § XIII], which Plaintiff never sought to exercise. So Plaintiff had an avenue to pursue his administrative remedies and did not utilize it. Such failure is insufficient to establish unavailability.

Plaintiff's second argument fares no better. He contends that the basis for refusal on Defendants' Grievance Receipt that states "You have failed to follow previous instructions for filing this grievance. Due to your continued failure to properly file this grievance you have waived/forfeited the opportunity to proceed in the grievance process[,]" [Doc. Nos. 49-7 & 49-9] misled him into believing that he could not pursue an administrative remedy. Doc. No. 60, ¶¶ 2-3, 5, 9-11. But he does not explain why he thought this statement deprived him of his ability to appeal from the Grievance Receipt. And under the ODOC Policies and Procedures, Plaintiff retained the right to an ARA appeal from the grievance denial. Doc. No. 49-1, §§ VIII, XIII. To the extent he believed his right to grieve would be eliminated completely upon a showing of abuse of the process, the ODOC Policies and Procedures expressly foreclose such a belief, *see id.*, § X, and it is insufficient to establish that administrative remedies were unavailable. So the administrative remedies were not

rendered unavailable by the Grievance Receipt because Plaintiff could have lodged an appeal from the decision.

Accordingly, the Court finds, on *de novo* review of Plaintiff's specific objections, that Plaintiff failed to exhaust his administrative remedies and that those remedies were not rendered unavailable to him. The Report and Recommendation is therefore ADOPTED in its entirety.

IT IS SO ORDERED this 3rd day of July, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE